NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BENNY WARD**,<br><br>    Plaintiff,<br><br>  v.<br><br>**OFFICER GEISLER**,<br><br>    Defendant. | Civil Action No. 21-18294 (ZNQ) (DEA)<br><br>**OPINION** |

**QURAISHI, District Judge**

Plaintiff Benny Ward, a pretrial detainee at Mercer County Corrections Center in Trenton, New Jersey, is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Before the Court is Plaintiff's second application to proceed *in forma pauperis* ("IFP"). (Second IFP Application, ECF No. 9.) As explained below, the Court will grant Plaintiff's Second IFP Application, but, pursuant to its screening authority under 28 U.S.C. 1915(e)(2)(B), it will dismiss Plaintiff's federal claims without prejudice and decline to exercise supplemental jurisdiction to the extent the Complaint asserts state law claims.

**I. BACKGROUND**

In the Complaint, Plaintiff alleges that:

> I was in [the] medical room and sitting down[,] and [Officer Geisler] touched me [and] sexually assaulted me. He touched me 6 times[,] and I told him to stop 6 times. He said he was going to keep touching me if I told someone and said he'd really rape me.

(Compl. 3.)

Plaintiff names Officer Geisler as the sole defendant in this matter. (*See id.* at 2.) Plaintiff seeks only "medical release" for relief. (*See id.* at 4.)

## II.     LEGAL STANDARD

District courts must review complaints in civil actions in which a prisoner or pretrial detainee is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to Section 1915(e)(2)(B) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**III.    DISCUSSION**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. (*See* Compl.)  To succeed on a Section 1983 claim, a plaintiff must allege: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federally secured right.  *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). The court liberally construes the Complaint as asserting a Fourteenth Amendment due process claim.

It is well established that detainees have a right not to be sexually assaulted by prison employees.  *E.D. v. Sharkey*, 928 F.3d 299, 307 (3d Cir. 2019).  Thus, well-pleaded allegations of sexual assault, which cannot serve a legitimate governmental objective and thereby constitute impermissible punishment, "set forth a plausible violation of [the] right to personal bodily integrity protected by the Due Process Clause of the Fourteenth Amendment." *Id.*

Here, besides stating in conclusory fashion that Officer Geisler "sexually assaulted" him, Plaintiff merely alleges that Officer Geisler touched him six times after Plaintiff told him to stop and that Officer Geisler threatened Plaintiff if he told anyone.  Although a close call, especially in light of Plaintiff alleging he was sexually assaulted, the Court finds that Plaintiff fails to plead sufficient facts regarding the incident to state a claim.  For example, Plaintiff does not allege sufficient facts regarding the nature of the touching or the circumstances leading up to it (*e.g.*, whether it was spontaneous, pursuant to a search, etc.) to make his claim plausible. *See Iqbal*, 556 U.S. at 678.

Moreover, even if Plaintiff did plead sufficient facts, the only relief Plaintiff seeks is "medical release."  "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."

*Preiser v. Rodriguez*, 411 U.S. 575, 500 (1973).  Thus, Plaintiff's claim seeking release is not proper in a Section 1983 action.  Accordingly, the Court will dismiss Plaintiff's federal claims without prejudice for failure to state a claim for relief.

## IV.    CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's federal claims without prejudice, and the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) to the extent the Complaint asserts state law claims.  Plaintiff may file an amended complaint within thirty days.  An appropriate Order follows.

Date:  February 15th, 2024

                                                s/ Zahid N. Quraishi
                                                **ZAHID N. QURAISHI**
                                                **UNITED STATES DISTRICT JUDGE**